UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTONIO L. GREEN,

    Plaintiff,

v.                                      Case No. 5:23-cv-237-TKW-MJF

S. BAKER, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Antonio L. Green, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The undersigned has screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and recommends that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted.

    **I.**    **THE ALLEGATIONS OF GREEN'S COMPLAINT**

Green is an inmate of the Florida Department of Corrections currently confined at the Blackwater River Correctional Facility. Doc. 1

at 2 in ECF.[1] Green is suing four prison officials at the Apalachee Correctional Institution: Officer Baker, Captain Brown, Warden Maddox, and Assistant Warden Kent. *Id.* at 2-4. Green is suing the Defendants in their individual capacities. *Id.*

Green alleges that on February 19, 2022, between 2:00-3:00 p.m., he was visiting with his mother and sister in the visiting park. *Id.* at 6, ¶ 5. Green's mother stood up to use the restroom and waved her arms to get Baker's attention. *Id.* ¶¶ 6-7. Baker ignored Green's mother. *Id.* at 7.[2] After 5-10 minutes, Green asked Baker if the restroom was closed. *Id.* at 7, ¶ 10. Baker responded, "I see her, before you go to jail." *Id.* ¶ 11. Green's sister interjected, "For what, when you see our elderly mother standing up, trying to wave you down to open up the [restroom], and you just going to ignore her." *Id.* ¶ 12.

Moments later, another officer (non-party E. Jones) asked Green's mother if she was waiting for the restroom. *Id.* at 7-8, ¶ 13. Green's mother responded affirmatively and entered the restroom. *Id.* ¶ 14.

---

[1] Citations to page numbers of Green's complaint are to those assigned by the District Court's Electronic Case Filing system ("ECF").
[2] Green asserts that Baker ignored his mother because he previously had filed a grievance about Baker and another officer. *Id.* at 6-7, ¶ 8.

Green notes that Baker never counseled him "about being loud and interrupting other visitors by speaking in a loud tone of voice." *Id.* ¶ 15.

Green alleges that a camera captured "video and audio" footage of the incident, and would "verify" his account "as well as his two (2) witnesses['] declarations." *Id.* ¶ 16. Green also alleges that the video and audio "would have enable[d] Plaintiff to find witness for this case who would've supported his statement and actual incident as it happened." *Id.* at 11, ¶ 27.

On March 2, 2022, Green filed an informal grievance "requesting that all video and audio be preserved as evidence from inside the visitation on February 19,2022 in between 2:00 p.m. and 3:00 p.m." *Id.* at 8-9, ¶ 17. Green's informal grievance was denied on March 4, 2022. *Id.* ¶ 18.

On March 14, 2022, Green filed a formal grievance. *Id.* ¶ 19. Defendants Maddox and Kent denied the formal grievance on March 22, 2022, stating: "Be advised that Captain M. Brown stated that the camera footage that you have requested to be preserved is no longer available and therefore cannot be preserved." *Id.* ¶ 21.

Green asserts that camera footage recycles every 30 days, and that 30 days had not elapsed since the date of the incident. *Id.* ¶¶ 22-23. Green concludes that the video and audio "was intentional[ly] destroyed in a collective effort to cover-up actual sound and visual [sic] evidence by all four (4) Defendants." *Id.* at 10 ¶¶ 22-24.

Based on the foregoing allegations, Green claims that Baker, Brown, Maddox and Kent violated his right to due process under the Fourteenth Amendment by depriving him of evidence that would have assisted him in litigation. *Id.* at 12-13. As relief Green seeks $25,000.00 in punitive damages against each Defendant. *Id.* at 12, 14.

## II.  STANDARD OF REVIEW UNDER 28 U.S.C. §§ 1915(e)(2) AND 1915A

Because Green is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678; *see also* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-36 (3d ed. 2004) ("[The] pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). The complaint must include "[f]actual allegations . . .

[sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

In applying the foregoing standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Mere "labels and conclusions," however, are not accepted as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)). Similarly, a pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. GREEN'S COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM

"A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (citing 42 U.S.C. § 1983).

### A.   Green's Complaint Fails to State a Plausible Fourteenth-Amendment Due-Process Claim

Green claims that the Defendants deprived him of due process in violation of the Fourteenth Amendment when they destroyed the video and audio recording of the visitation incident. Taking the allegations of Green's complaint as true and construing all reasonable inferences in his favor, Green fails to state a plausible claim for relief under the Due Process Clause.

The Due Process Clause demands that an individual receive due process of law before being deprived of *a protected liberty or property interest. Whitehorn,* 758 F.2d at 1420. Green alleges that he was deprived of "[his] timely request for preservation of both video and audio from

inside of the visitation park pending litigation." Doc. 1 at 13. This allegation, however, does not plausibly show that Green was deprived of his liberty or property, nor does it suggest a source from which a constitutionally-protected liberty or property interest in the video and audio recording would derive. Because Green's conclusory assertion that Defendants deprived him of due process is insufficient to state a claim for relief that is plausible on its face, his complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**B.    Green's Complaint fails to State a Plausible First-Amendment Access-to-Court Claim**

Green would fare no better even if the District Court liberally construed his complaint as asserting an access-to-court claim based on Defendants' destruction of evidence he intended to use in litigation. A claim arising from the denial of access to the courts requires a prisoner to "first establish an actual injury." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (citing *Lewis v. Casey*, 518 U.S. 343, 349–50 (1996)).

"Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." *Barbour*, 471 F.3d at 1225. "To

prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Wilson v. Blankenship*, 163 F.3d 1284, 1290–91 (11th Cir. 1998). Additionally, "a litigant asserting an access claim must also prove that he has a colorable underlying claim for which he seeks relief." *Barbour*, 471 F.3d at 1226. "Thus, the plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim." *Id.* (quotation omitted).

Green's allegations do not show an actual injury from the failure to preserve the video and audio recording. Green does not identify a nonfrivolous, arguable underlying claim that he sought to pursue, nor does he demonstrate that his pursuit of such claim was impeded by the destruction of the recording. Because Green fails to allege an actual injury from Defendants' actions, his complaint fails to state a plausible access-to-court claim.

## IV.  CONCLUSION

Green's allegations fail to state a claim for relief under § 1983 that is plausible on its face. Accordingly, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED without prejudice** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), for failure to state a claim upon which relief can be granted.

2. The clerk of court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 16th day of October, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**